# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-920V
### Filed: December 19, 2018
UNPUBLISHED

---

STEPHANIE DIGEROLAMO,

                            Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                           Respondent.

---

Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS)

---

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On August 2, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she developed Guillain-Barre Syndrome ("GBS") following the administration of an influenza ("flu") vaccination on October 7, 2015. Petition at 1; Stipulation, filed December 18, 2018, at ¶¶ 1. Petitioner further alleges that the vaccine was administered within the United States, that she suffered the residual effects of this injury for more than six months, and that there has been no prior award or settlement of a civil action for damages as a result of her condition. Petition at 1-7; Stipulation at ¶¶ 3-5. "Respondent denies that the flu vaccine administered on or about October 7, 2015,

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

is the cause of petitioner's alleged GBS and/or any other injury or her current condition." Stipulation at ¶ 6.

Nevertheless, on December 18, 2018, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

a. **A lump sum of $425,000.00** which amount represents compensation for first-year life-care expenses ($10,876.97), pain and suffering ($154,171.97), and lost wages ($259,951.06) in the form of a check payable to petitioner; and

b. **An amount sufficient to purchase the annuity contract described in the attached Stipulation at paragraph 10**; and

c. **A lump sum of $14,536.40**, which amount represents reimbursement of a State of New Jersey Medicaid lien, in the form of a check payable jointly to petitioner and:

> Treasurer, State of New Jersey
> Health Management Systems, Inc.
> P.O. Box 416522
> Boston, MA 02241-6522
> Medicaid ID Number: 047040530301
> Health Management Systems Case Number: 145976
> Tel: (877) 262-7385
> Fax: (866) 276-1176
> Attn: Angelica Rodriguez
> angelica.rodriguez@hms.com

Petitioner agrees to endorse this check to the Treasurer, State of New Jersey. Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| STEPHANIE DIGEROLAMO, | ) |
| Petitioner, | ) |
| v. | ) No. 16-920V **(ECF)** |
|  | ) Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Stephanie DiGerolamo, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccination on or about October 7, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused her to develop Guillain-Barré Syndrome ("GBS"). Petitioner further alleges that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the flu vaccine administered on or about October 7, 2015, is the cause of petitioner's alleged GBS and/or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $425,000.00, which amount represents compensation for first-year life-care expenses ($10,876.97), pain and suffering ($154,171.97), and lost wages ($259,951.06) in the form of a check payable to petitioner; and

    b.    An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"); and

    c.    A lump sum of $14,536.40, which amount represents reimbursement of a State of New Jersey Medicaid lien, in the form of a check payable jointly to petitioner and:

Treasurer, State of New Jersey
Health Management Systems, Inc.
P.O. Box 416522
Boston, MA 02241-6522
Medicaid ID Number:  047040530301
Health Management Systems Case Number:  145976
Tel:  (877) 262-7385
Fax:  (866) 276-1176
Attn:  Angelica Rodriguez
angelica.rodriguez@hms.com

Petitioner agrees to endorse this check to the Treasurer, State of New Jersey.

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

2

b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Stephanie DiGerolamo, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a.    For future unreimbursable Medicare Part B Premium expenses, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $1,608.00 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b.    For future unreimbursable Primary Care Physician, Neurologist, Percocet, and Valium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,885.54 to be paid up to the anniversary of the date of judgment in year 2044.  Thereafter, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $339.10 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c.    For future unreimbursable  Physical Therapy, Walker, Cane, Laundry Cart, Shower Chair, Lift Recliner, Swivel Stool, Hand Held Shower, and Chair Height Toilet expenses, beginning on the first anniversary of the date of judgment, an annual amount of $149.51 to be paid up to the anniversary of the date of judgment in year 2022.  Then, on the anniversary of the date of judgment in year 2022, a lump sum of $164.51.  Then, beginning on the anniversary of the date of judgment in year 2023, an annual amount of $151.65 to be paid up to the anniversary of the date of judgment in year 2043.  Then, on the anniversary of the date of judgment in year 2043, a lump sum of $39.51.  Then, on the anniversary of the date of judgment in year 2044, a lump sum of $1,187.98.  Thereafter, beginning on the anniversary of the date of judgment in year 2045, an annual amount of $133.88 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

3

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner, and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Stephanie DiGerolamo, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Stephanie DiGerolamo's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 12 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or

5

about October 7, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about August 2, 2016, in the United States Court of Federal Claims as petition No. 16-920V.

17.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, or any other injury or her current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's

heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

7

Respectfully submitted,

**PETITIONER:**

*Stephanie DiGerolamo*

STEPHANIE DIGEROLAMO

**ATTORNEY OF RECORD FOR
PETITIONER:**

MICHAEL G. MCLAREN
Black McLaren, et al., P.C.
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Tel:  (901) 762-0535

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

AMY P. KOKOT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-4118

Dated: 12/10/2018

8